UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RICHARD HAMMOND,

          Plaintiff,

    v.

CITY OF RED BLUFF and DOES 1-10,

          Defendants.

No.  2:14-cv-01136-TLN-CMK

**ORDER**

This matter is before the Court pursuant to Defendant City of Red Bluff's ("Defendant") motion to dismiss Plaintiff Richard Hammond's ("Plaintiff") complaint.  (ECF Nos. 1, 5.)   For the reasons discussed below, the motion to dismiss is DENIED.

**I.      Facts**

Plaintiff is a resident of Red Bluff, California.  He is disabled and uses a wheelchair for mobility.  Plaintiff frequently travels to historic downtown Red Bluff, which is serviced by on-street parking in the vicinity.[1]  This on-street parking does not include "designated accessible parking stalls" (ECF No 1 ¶ 15) and therefore cannot accommodate his modified van.  Plaintiff must park further away from his intended locations and is made to feel unwelcome in Red Bluff,

---

[1] Specific streets are listed in the complaint.  (ECF No. 1 ¶ 11.)  It appears – but it is unclear – that the lack of handicap accessible parking is due to Defendant's failure to remove certain physical barriers (ECF No. 1 ¶ 1); it also appears that the parking stalls at issue are angled stalls (ECF No. 1 ¶ 11).

1    among other difficulties.  (*See* ECF No. 1 ¶¶ 11–21.)

2        **II.      Procedural History**

3        Plaintiff filed the instant complaint on May 8, 2014, alleging violations of the Americans

4    with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*; Section 504 of the Rehabilitation Act

5    ("RA"), 29 U.S.C. § 794 *et seq.*; and California's Disabled Persons Act ("DPA"), Cal. Civ. Code

6    § 54 *et seq.*  (ECF No. 1.)  Defendant filed a motion to dismiss the complaint on June 19, 2014.

7    (ECF No. 5.)  Plaintiff filed an opposition to the motion to dismiss on July 29, 2014.  Defendant

8    filed a reply on August 7, 2014.  (ECF No. 8.)

9        **III.     Standard of Review**

10       Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain

11   statement of the claim showing that the pleader is entitled to relief."  On a motion to dismiss, the

12   Court assumes all factual allegations are true.  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is

13   bound to give plaintiff the benefit of every reasonable inference that can be drawn from the well-

14   pleaded allegations of the complaint.  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746,

15   753 n.6 (1963).  While a plaintiff need not allege "'specific facts' beyond those necessary to state

16   his claim and the grounds showing entitlement to relief," *Bell Atlantic v. Twombly*, 550 U.S. 544,

17   570 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508), "a claim has facial

18   plausibility when the pleaded factual content allows the court to draw the reasonable inference

19   that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

20   (2009) (citing *Twombly*, 550 U.S. at 556).

21       Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

22   factual allegations."  *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n2 (9th Cir.

23   1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an

24   unadorned, the-defendant-unlawfully-harmed-me accusation.' *Iqbal*, 556 U.S. at 678.  A pleading

25   is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements

26   of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare

27   recitals of the elements of a cause of action, supported by mere conclusory statements, do not

28   suffice.")  Additionally, it is inappropriate to assume that the plaintiff "can prove facts that it has

1  not alleged or that the defendants have violated the … laws in ways that have not been alleged."

2  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526

3  (1983).

4      Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

5  facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting

6  *Twombly*, 550 U.S. at 570).  While the plausibility requirement is not akin to a probability

7  requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully."

8  *Id.* at 678.  This plausibility inquiry is "a context-specific task that requires the reviewing court to

9  draw on its judicial experience and common sense." *Id.* at 679.

10  **IV.    Statutory Framework**

11  A.   <u>Americans with Disabilities Act</u>

12      Congress enacted the ADA  in 1990 to "remedy widespread discrimination against

13  disabled individuals."  *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 674 (2001).  The ADA aims to

14  provide a "clear and comprehensive national mandate" and "strong, consistent, [and] enforceable

15  standards" in eliminating discrimination.  42 U.S.C. § 12101(b).  The ADA addresses both the

16  "outright intentional exclusion" of disabled individuals, as well as the failure to make

17  modifications to existing facilities and practices.  *PGA Tour*, 532 U.S. at 675 (citing 42 U.S.C. §

18  1201(a)(5)).

19      Title II of the ADA prohibits public entities, such as state and local governments, from

20  denying disabled individuals the benefits of or participation in "services, programs, and

21  activities."  42 U.S.C. § 12132.  The specific obligations of public entities under the ADA, and

22  the standards for determining an ADA violation, are delineated in part under 28 C.F.R. § 35.150

23  and § 35.151.  *See* 28 U.S.C. § 35.149; *Pierce v. County of Orange*, 526 F.3d 1190, 1214 (9th

24  Circuit 2008).  Sections 35.150 and 35.151, in turn, reference the Uniform Federal Accessibility

25  Standards ("UFAS"), the 1991 ADA Standards for Accessible Design ("1991 Standards"), and

26  the 2010 ADA Standards for Accessible Design ("2010 Standards"), for design specifications for

27  handicap-accessible buildings, structures, pedestrian routes, etc.  Defendant is a public entity, and

28  thus is subject to Title II of the ADA and its implementing regulations.

3

B.   The Rehabilitation Act

The RA, on which the ADA is based, was enacted to empower disabled individuals to "maximize employment, economic self-sufficiency, independence, and inclusion and integration into society." 29 U.S.C. § 701(b). "There is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act." *Zukle v. Regents of Univ. of California*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999). *See* 42 U.S.C. § 12133 ("The remedies, procedures, and rights set forth in [the RA] shall be the remedies, procedures, and rights [applicable to ADA claims]"); *Bragdon v. Abbott*, 524 U.S. 624, 631 (1998) (stating that courts are required to "construe the ADA to grant at least as much protection as provided by the regulations implementing the Rehabilitation Act"). The Court thus applies its analysis of Plaintiff's ADA claim to his RA claim.

C.   California's Disabled Persons Act

The California DPA provides that individuals with disabilities or medical conditions have the "same right as the general public to the full and free use of streets, highways, sidewalks, walkways…public facilities, and other public places." Cal. Civ. Code § 54(a). A violation of the right of any individual under the ADA constitutes a violation of the DPA. *Id.* § 54(c). The Court thus applies its analysis of Plaintiff's ADA claim to Plaintiff's DPA claim.

**V.     Analysis**

Defendant's argument for dismissal is that the statutory schemes referenced by Plaintiff (ADA, RA, and DPA), the relevant implementing regulations (e.g. 28 C.F.R. §§ 35.150–51), and the design guidelines referenced in the implementing regulations (e.g. UFAS, or the 2009 or 210 standards) do not explicitly require handicapped accessible on-street parking. Defendant argues that absent this requirement, there is no cognizable claim. (ECF No. 5-1.) The Court finds that the decision in *Fortyune v. City of Lomita* 766 F.3d 1098 (9th Cir. 2014) forecloses this argument.[2]

In *Fortyune*, plaintiff was also a physically disabled individual making use of a

---

[2] The decision in *Fortyune* was filed on Sept. 5, 2014, after all briefing on the instant motion to dismiss had been filed.

1   wheelchair for mobility.  Plaintiff filed suit against the City of Lomita under the ADA and

2   California's DPA, alleging that he experienced difficulty, discomfort, and fear for his safety when

3   frequenting facilities in Lomita, because none of Lomita's public on-street parking was accessible

4   to people with disabilities.  The City of Lomita moved to dismiss, arguing that absent ADA

5   implementing regulations specifically targeted at on-street parking, it was not required to provide

6   accessible on-street parking.  *Id*. at 1100-1.  The district court denied the motion to dismiss, and

7   the Ninth Circuit affirmed.

8        The Ninth Circuit reasoned, first, that a lack of specific regulations do not eliminate a

9   statutory obligation.  *Id*. (citing *Reich v. Mont. Sulphur & Chem. Co.,* 32 F.3d 440, 444–45 (9th

10   Cir. 1994) (asserting that regulations are meant to "amplify and augment" statutory obligations)).

11   Second, the Ninth Circuit held that "existing regulations *do* require accessible on-street parking."

12   *Id*. at 1102.  Those regulations are 28 C.F.R. §§ 35.150 and 35.151.  Under § 35.150, public

13   entities must "operate each service, program, or activity so that the service, program, or activity,

14   when viewed in its entirety, is readily accessible to and usable by individuals with disabilities."

15   28 C.F.R. § 35.150(a).  On street parking is a "facility" within the meaning of the regulation.

16   *Fortyune*, 766 F.3d at 1102, n. 3.  While public entities have some flexibility in handling existing

17   inaccessible facilities, "at bottom, the regulation mandates program accessibility for all normal

18   governmental functions, including the provision of on-street public parking."  *Id*. at 1103.  The

19   other regulation, 28 C.F.R. § 35.151, governs only facilities that were constructed or modified

20   after the ADA's effective date (June 26, 1992), which is the allegation here.  (ECF No. 1 ¶ 14.)

21   Section 35.151 requires that newly constructed or altered facilities meet the technical standards

22   set forth in the UFAS, the 1991 standards, or the 2010 standards.  While none of these standards

23   address on-street parking, "nothing in 28 C.F.R. § 35.151 suggests that when technical

24   specifications do not exist for a particular type of facility, public entities have no accessibility

25   obligations."  *Id*. at 1103.  Further, interpreting the regulation otherwise would be inconsistent

26   with the broad mandate contained in subsections (a)(1) and (b)(1), that "each" newly constructed

27   or altered facility be readily accessible.  *Id*. at 1103.

28        In the instant motion to dismiss, the Court finds no dispositive difference between the

1  allegations in *Fortyune* and the instant claims.  Therefore, for the reasons discussed in *Fortyune*

2  and outlined above, Defendant's motion to dismiss (ECF No. 5) is DENIED.

3  Dated:  November 18, 2014

4

5

6          Troy L. Nunley

        United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28